UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                             Case No.: 8:12-cr-515-VMC-AEP

SAMIH ABDEL RAHMAN

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Samih Abdel Rahman's pro se Motion for Compassionate Release (Doc. # 197), filed on June 27, 2022. The United States of America responded to the Motion on July 13, 2022. (Doc. # 203). For the reasons that follow, the Motion is denied without prejudice.

**I.   Background**

In 2014, Rahman pled guilty to one count of conspiracy to commit money laundering offenses, and this Court sentenced him to 210 months' imprisonment. (Doc. # 121). Rahman is 59 years old and scheduled to be released in April 2029.[1]

In the Motion, Rahman seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

Act, because of the COVID-19 pandemic and the danger it poses to him due to his underlying medical conditions. (Doc. # 197 at 4). Rahman asserts that he suffers from hypertension, hyperlipidemia, high cholesterol, and obesity. (Id.). Rahman requests that the Court reduce his sentence to time served and. (Id. at 1). The United States has responded (Doc. # 203), and the Motion is ripe for review.

## II.  Discussion

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Sanders argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,** may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the

Bureau of Prisons' denial of compassionate release." United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)(citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, the United States argues that the Motion should be denied (1) for failure to exhaust administrative remedies and (2) on the merits. Because the Court agrees that Rahman has failed to demonstrate that he has exhausted his administrative remedies, the Court need not address the merits of the Motion.

Rahman represents in his Motion that he filed an administrative request with the warden on May 16, 2022, which was denied on May 20, 2022. He appealed the denial on May 26, 2022, and states that he is awaiting a response. (Doc. # 197 at 3). Only a denial at the level of either the BOP's director or general counsel constitutes a "final administrative decision" that may not be further appealed within the administrative remedies program. 28 C.F.R. § 571.63(b), (d).

Without a final administrative decision, Rahman has not met his burden of demonstrating that he has exhausted his administrative remedies as required by 18 U.S.C. §

3582(c)(1)(A). See United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted."); United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief.").

For this reason, therefore, Rahman's Motion must be denied without prejudice. See, e.g., United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020)(denying motion for release to home confinement due to COVID-19 and explaining that "[Section 3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies"). This Court leaves for another day the issue of whether Rahman has demonstrated extraordinary and compelling reasons supporting his compassionate release.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Samih Abdel Rahman's pro se Motion for Compassionate Release (Doc. # 197) is **DENIED** without prejudice for failure to exhaust administrative remedies.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of August, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE