UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No.: 8:12-cr-525-VMC-AEP

SAMIH ABDEL RAHMAN

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Samih Abdel Rahman's pro se second Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(C)(1)(A)(i) As Results of COVID-19 (Doc. # 233), filed on July 11, 2023. The United States of America responded on July 20, 2023. (Doc. # 236). For the reasons that follow, the Motion is denied.

I.  **Background**

Pursuant to a plea agreement, on January 24, 2014, Mr. Rahman pled guilty to conspiracy to commit money laundering offenses, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1), and 1957. (Doc. ## 83, 88). Subsequently, on May 14, 2014, the Court sentenced Mr. Rahman to a 210-month term of imprisonment followed by a 36-month term of supervised

1

release. (Doc. # 121). Mr. Rahman is 60 years old, and his projected release date is April 4, 2028.[1]

The Court previously denied Mr. Rahman's first motion for reduction in sentence on August 2, 2022, for failure to exhaust administrative remedies. (Doc. # 205). Thereafter, Mr. Rahman filed a motion to re-file his motion for a reduction in sentence, explaining that he has now exhausted his administrative remedies. (Doc. # 230). The Court permitted Mr. Rahman to re-file his motion. (Doc. # 231).

In his current Motion, Mr. Rahman seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, because of the COVID-19 pandemic and his underlying health issues. (Doc. # 233 at 4). The United States has responded (Doc. # 236), and the Motion is ripe for review.

## II.  **Discussion**

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Mr. Rahman argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Mr. Rahman alleges that he has exhausted his administrative remedies (Doc. # 230 at 1), which the United States concedes. (Doc. # 236 at 3). The Court therefore turns to the merits of Mr. Rahman's Motion.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a

3

serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; (3) the defendant is at least 65 years old and is experiencing serious deterioration in health due to aging after serving at least 10 years or 75 percent of his term of imprisonment; (4) the death or incapacitation of the caregiver of the defendant's minor children; or (5) the incapacitation of the defendant's spouse when the defendant would be the only available caregiver for the spouse. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Mr. Rahman bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

"[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release,

4

especially considering [the Bureau of Prisons' (BOP)] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Aria, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Mr. Rahman argues that compassionate release should be granted because his underlying medical conditions – hypertension, hyperlipidemia, and obesity – place him at a higher risk of serious illness if he contracts COVID-19. (Doc. # 233 at 4-5). However, Mr. Rahman has not demonstrated that these conditions are serious such that they substantially diminish his ability to provide self-care in prison. See USSG § 1B1.13, comment. (n.1); see also United States v. Rodriguez-Campana, No. 18-CR-60250, 2021 WL 602607, at *4-5 (S.D. Fla. Feb. 16, 2021) (denying motion for compassionate release filed by inmate who suffered from hypertension, high cholesterol, prediabetes, and had a history of lung problems, where inmate had failed to demonstrate that "any of his present ailments are terminal, that they substantially diminish his ability to provide self-care within the correctional facility, or that they are not being properly attended to by the BOP"); United States v. Auguste, No. 1:00-cr-00485-UU-4, 2020 WL 7635930, at *1-2 (S.D. Fla. Aug. 17, 2020) (denying an inmate's pro se motion for compassionate

release who suffered from obesity and a latent tuberculosis infection); United States v. Valencia-Mina, No. 8:13-cr-609-VMC-CPT, 2021 WL 5416189, at *2 (M.D. Fla. Nov. 19, 2021) (denying motion for compassionate release where the defendant alleged his underlying medical conditions – hepatitis C, hypertension, and latent tuberculosis – rendered him more susceptible to COVID-19).

Because the Court has determined that Mr. Rahman has not set forth an extraordinary and compelling reason that would justify a reduction of sentence, the Court need not evaluate the 18 U.S.C. § 3553(a) factors. See United States v. Giron, 15 F.4th 1343, 1349–50 (11th Cir. 2021) (explaining that the district court need not evaluate all necessary conditions for the granting of compassionate release if "at least one of the compassionate-release conditions was not satisfied" (internal quotations omitted)); United States v. Tinker, 14 F.4th 1234, 1237–38 (11th Cir. 2021) ("Under § 3582(c)(1)(A), the court must find that all necessary conditions are satisfied before it grants a reduction. Because all three conditions — i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement — are necessary, the absence of even one would foreclose a sentence reduction.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Samih Abdel Rahman's pro se second Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(C)(1)(A)(i) As Results of COVID-19 (Doc. # 233) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of August, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE